UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LISA SOUTHARD and              *     DOCKET NO.:
ROBERT SOUTHARD

VERSUS                         *

                               *     JUDGE
ALBERTSONS COMPANIES, INC.
LOUISIANA                      *     MAGISTRATE
*************************************************************************

## NOTICE OF REMOVAL

Defendant, Albertsons Companies, Inc. (incorrectly referred to in the Petition as "Albertsons Companies, Inc. Louisiana), by and through undersigned counsel, hereby gives notice of the removal of this action from the 19th Judicial District Court, for the Parish of East Baton Rouge, Louisiana to the United States District Court for the Middle District of Louisiana.   In support of the Notice of Removal, defendant states as follows:

1.    This action was originally commenced by Plaintiffs, Lisa Southard and Robert Southard, on May 18, 2020, through the filing of a Petition in the 19th Judicial District Court for the Parish of East Baton Rouge State of Louisiana, captioned *"Lisa Southard and Robert Southard v. Albertsons Companies, Inc. Louisiana"* and assigned Case No. 696,404.

2.    Albertsons Companies, Inc. was served on May 29, 2020, and has answered the suit.

3.    The United States District Court for the Middle District of Louisiana is the court embracing the place wherein such action is pending in state court.

1

4. The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Contrary to the provisions of La. C.C.P. art. 893, the Petition did not identify the amount in controversy to establish a threshold requirement for diversity jurisdiction.

6. Through written discovery dated October 5, 2020, plaintiff alleges and admits that the claim has a value in excess of $75,000. The discovery responses constitute "other paper" under 28 U.S.C. § 1446(b)(2)(C) which render this case removable.

7. This Court has jurisdiction over this matter, and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### Diversity of Citizenship

8. This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, in that all properly joined and served parties are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendant submits that Albertsons Companies, Inc. is the correct name of defendant. Nevertheless, diversity of citizenship exists between plaintiffs and Albertsons Companies, Inc. and/or Albertsons Companies, Inc. Louisiana.

9. Plaintiffs, Lisa and Robert Southard, are persons of the full age of majority who reside in and are domiciled in the State of Louisiana. *See Petition for Damages* attached as Exhibit A.

10.    At the time of the filing of the Petition for Damages and at all times thereafter, defendant, Albertsons Companies, Inc. Louisiana was and is incorporated under the laws of Delaware, with its principal place of business in Boise, Idaho.

11.    At the time of the filing of the Petition for Damages and at all times thereafter, Albertsons Companies, Inc., had the same domicile and principal place of business as Albertsons Companies, Inc. Louisiana.   Albertsons Companies, Inc. was and is incorporated under the laws of Delaware, with its principal place of business in Boise, Idaho.

12.    Thus, complete diversity of citizenship existed at the time of the filing of the Petition, and at all times thereafter, between plaintiffs and defendant.

## Amount in Controversy

13.    Louisiana Code of Civil Procedure Article 893A(1) articulates the following requirements for the pleading of monetary damages:

> the prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required.

As a result, Article 893 requires plaintiff to generally state that the claim is less than the jurisdictional amount in order to establish a lack of federal jurisdiction. Plaintiffs failed to make such an allegation as is required by the statute.   *See Exhibit A*.

14. Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[1]  The removing defendant may prove the amount in controversy by establishing that the claims are likely above $75,000.[2]

15. Contrary to the provisions of La. C.C.P. art. 893, the Petition did not identify the amount in controversy to establish a threshold requirement for diversity jurisdiction.

16. Written discovery responses are the first papers received by defendant which allege damages above $75,000.  *See Exhibit B (Discovery responses of Lisa Southard, Interrogatory Response No. 29).*  The written discovery constitutes "other paper" under 28 U.S.C. § 1446(b)(2)(C) which render this case removable.

17. This pleading is filed within 30 days of notice via "other paper" that the amount in controversy meets the minimum threshold to maintain diversity jurisdiction. Therefore 28 U.S.C. § 1446(b), this removal is timely.

**Removal**

18. As shown above, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states where the amount in controversy exceeds the sum of $75,000, exclusive of

---

[1] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 at 882-883 (5th Cir. 2002).

[2] *Id.*

4

interest and costs.   Therefore, this action may be removed pursuant to 28 U.S.C. § 1441.

19. Pursuant to 28 U.S.C. § 1446(d), plaintiffs are being provided with a copy of this Notice of Removal and a copy is also being filed with the Clerk of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

20. The removing defendant attaches a copy of all process, pleadings, and orders served upon them at the time of removal.[3]

21. Consistent with the provisions of 28 U.S.C. § 1446(d), no further proceedings shall occur in this matter in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

22. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies reading the foregoing Notice of Removal, that to the best of their knowledge, information and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose.

23. By filing this Notice of Removal, the removing defendant does not waive, and hereby reserve all defenses and objections to the Plaintiffs' Petition/Complaint.

---

[3]   28 U.S.C. §1446(a).

WHEREFORE, Albertsons Companies, Inc., respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law inasmuch as this Court has jurisdiction over the dispute because all parties are completely diverse and the jurisdictional amount has been met.

RESPECTFULLY SUBMITTED,

BY:   s/ Tori S. Bowling
JOHN P. WOLFF, III, BAR #14504
TORI S. BOWLING, BAR #30058
GEORGE A. WRIGHT, BAR #36095
**KEOGH COX & WILSON, LTD**
701 Main Street
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Telecopier: (225) 343-9612
Email: jwolff@keoghcox.com
          tbowling@keoghcox.com
          gwright@keoghcox.com
***Counsel for Albertsons Companies, Inc.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 29th day of October, 2020.

s/ Tori S. Bowling
TORI S. BOWLING

6